```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JIMMY ELLIS NICHOLSON,**
**et al.,**

                            Petitioners,

            v.                      CASE NO. 05-3459-SAC

**ROGER WERHOLTZ, et al.,**
                       Respondents.

### O R D E R

This action was filed as a civil rights complaint, 42 U.S.C. 1983, by three inmates of the Winfield Correctional Facility, Winfield, Kansas. Petitioners contend that respondents, Kansas Department of Corrections officials, are miscalculating their sentences. They assert respondents' actions have resulted in violation of their constitutional rights and caused them to be illegally confined. In support of this claim, petitioners allege respondents have miscalculated their sentences "according to a calendar year and not the Kansas Administrative Regulations," and that each of their sentences is "miscalculated by 5 days for every year, plus at the end of each one extra day has been added." They state that under the K.A.R. formula Nicholson's 22-month sentence is 660 days, Moody's 30-month sentence is 930 days and Lucas' 8-month sentence is 240 days. They then state that "due to miscalculation" Nicholson's maximum projected release date is 671 days from his sentence begins date, Moody's is 945 days, and Lucas' is 245 days. They further claim the sentences of "countless other inmates" are being miscalculated by one extra day . . . on the last calendar year of their sentence." They

complain they will be forced to serve in excess of their lawful sentences. They also claim that a person sentenced to the same amount of days as another could have to serve a different amount of days just because they were sentenced on different dates, and that this violates equal protection principles. However, they provide no example of particular inmates being required to serve different days even though they received the same sentence.

Petitioners ask the court to enjoin respondents from continuing to utilize "the unlawful calculation formula" or "the current formula"; to require them "to utilize the correct formula as defined in K.A.R. 44-6-108;" and "to recalculate the sentences of all offenders currently incarcerated in the Kansas department of corrections system." They also seek monetary damages for emotional distress, fees and costs.

Petitioners have also filed motions for leave to proceed in forma pauperis, a motion for "order of class action," and a motion for appointment of counsel.

The court liberally construed this pleading, which challenges the calculation and execution of state sentences under state law, as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 and issued an order requiring petitioners to show cause why this action should not be dismissed for failure to show exhaustion of state court remedies.

Petitioner Nicholson responded to the court's order by disagreeing that his claim is a challenge to the calculation of his sentence, rearguing his equal protection claim, and complaining there is no provision for a class action in habeas

2

corpus actions.  He further responded that the petitioners are not residents of the State of Kansas.

The court finds that no good cause has been presented by petitioners to excuse the requirement that state court remedies be fully exhausted, including presentation to the highest state court, on their claims in this case.  The court notes that no response was filed by petitioners Moody or Lucas.  The court concludes that this action must be dismissed without prejudice on account of the petitioners' failure to show exhaustion of state court remedies on their claims.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that petitioners' motions for leave to proceed in forma pauperis (Docs. 2,3,4); Motion for Order of Class Action, and Motion to Appoint Counsel (Doc. 5) are denied as moot.

**IT IS SO ORDERED**.

Dated this 20th day of June, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge